UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.                                          **DECISION AND ORDER**
                                                        14-CR-102S

GREGORY KWIATKOWSKI,
RAYMOND KRUG, and
JOSEPH WENDEL,

                                Defendants.

1.    The May 27, 2014 Indictment in this case accuses the Defendants of depriving certain specified individuals of their constitutional rights while acting under the color of law, specifically in Defendants' positions as City of Buffalo police officers, in violation of 18 U.S.C. §§ 241, 242, and 2. This Court referred the matter to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) to oversee all pre-trial matters that a magistrate judge may hear and determine, as well as to hear and report on all dispositive issues. As part of their pre-trial motions, Defendants each moved for: (1) the suppression of certain statements made under the threat of losing employment, commonly referred to as *Garrity* statements,[1] made to the Buffalo Police Department's Professional Standards Division ("PSD"); (2) a hearing to determine whether such statements were relied upon by the Government directly or indirectly in obtaining the Indictment; and (3) a dismissal of the Indictment as a fruit of the poisonous tree if the Government relied on evidence before the grand jury derived from these statements. (Docket Nos. 21, 22, 23.)

---

[1] See generally Garrity v. New Jersey, 385 U.S. 493, 87 S. Ct. 616, L. Ed. 2d 562 (1967)(prosecutorial use of statements made under the threat of removal from office violates the right against self-incrimination). There is no dispute that the statements at issue fall within this category.

2.      In an August 31, 2015 Report, Recommendation and Order, Judge Schroeder found that "there was no use, either directly or derivatively, of the '*Garrity* statements' of the defendants by the government in obtaining the indictment herein." (Docket No. 43 at 8.)  The Magistrate Judge further found that the Government had met its burden of establishing that the evidence presented to the grand jury was derived from legitimate sources wholly independent of the compelled statements given by Defendants to the PSD. Defendants subsequently moved for reconsideration on the ground that there had not been sufficient development of the factual record with respect to any indirect, as opposed to direct, use of the *Garrity*-protected statements. (Docket No. 50.)  In a Decision and Order filed on October 19, 2015, Judge Schroeder denied Defendants' motion for reconsideration. (Docket No. 53.)

3.      Presently before this Court are Defendants' joint objections to the Report and Recommendation, as well as the Decision and Order denying reconsideration. (Docket No. 54.) Defendants again argue that the Magistrate Judge insufficiently considered the possibility that evidence was indirectly derived from the Garrity statements, and instead improperly relied on the exculpatory nature of those statements.  Accordingly, they request a hearing to explore any possibility of indirect or derivative use of the *Garrity* statements. Initially, this Court notes that, contrary to Defendants' current argument, the primary focus of Judge Schroeder's consideration of this issue was whether a possibility existed that "someone who ha[d] seen the compelled testimony was thereby led to evidence that was furnished to federal investigators." United States v. Nemes, 555 F.2d 51, 55 (2d Cir. 1977); (see e.g. May 7, 2015 Hearing Transcript at 6-8, Docket No. 40); see generally Kastigar v. United States, 406 U.S. 441, 460, 92 S. Ct. 1653, 32 L. Ed. 2d 212 (1972) (prosecution

has affirmative duty to prove, not just the negation of taint, but "that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony").

4. Further, like the Magistrate Judge, this Court has considered Defendants' *Garrity* statements in the context of the evidence available to the Government both before and after these statements were taken in January 2010. It is apparent from the exhibits submitted for *in camera* review that the exculpatory nature of the *Garrity* statements is relevant here because, as explained by Judge Schroeder, the Government was privy to the more detailed and similarly exculpatory deposition testimony subsequently given by Defendants with the assistance of counsel.[2] See generally United States v. Vangates, 287 F.3d 1315, 1320-25 (11th Cir. 2002) (Garrity protection against prosecutorial use of compelled internal affairs statement did not preclude use of the officer's subsequent civil trial testimony resulting from the same incident). Thus, assuming *de novo* review is warranted based on Defendants' arguments,[3] this Court is satisfied that the Government has met its heavy burden of establishing that the evidence on which it relied was derived from legitimate sources wholly independent of the *Garrity* statements without the need for a further evidentiary hearing. See generally Kastigar, 406 U.S. at 460.

---

[2] Although discussed by both the Magistrate Judge and the Government in the most recent opposition, Defendants do not discuss this point.

[3] Generally, *de novo* review is appropriate for those portions of a report and recommendation to which proper objections are made, following which a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C); see generally United States v. Gardin, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006). In contrast, general or perfunctory objections which are merely "a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge" are improper. Camardo v. General Motors Hourly-Rate Emp. Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)(no "second bite at the apple" will be permitted). The district court may adopt those parts of the report to which no objection or an improper objection is raised so long as such are not clearly erroneous. Gardin, 451 F. Supp. 2d at 506.

IT HEREBY IS ORDERED, that this Court ACCEPTS Judge Schroeder's August 31, 2015 Report and Recommendation (Docket No. 43) in its entirety;

FURTHER, that Defendants' joint objections to this Report and Recommendation and the October 19, 2015 Decision and Order Denying Reconsideration (Docket No. 54) are DENIED;

FURTHER, that Defendants' motions for suppression and for dismissal of the indictment (Docket Nos. 21-23) are DENIED.

SO ORDERED.

Dated:   January 10, 2016
         Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge