IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.  14-CR-102-S

GREGORY KWIATKOWSKI,

        Defendant.

---

## PLEA AGREEMENT

The defendant, GREGORY KWIATKOWSKI, and the United States Attorney for the Western District of New York (hereinafter "the government"), hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to a one count Superseding Information which charges a violation of Title 18, United States Code, Section 242 (deprivation of rights under color of law), for which the maximum possible sentence is a term of imprisonment of 1 year, a fine of $100,000, a mandatory $25 special assessment and a term of supervised release of one year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant acknowledges, pursuant to Sentencing Guidelines §5E1.1 and Title 18, United States Code, Section 3663A, the Court must require restitution for the full amount of the victim's compensable losses as determined by the Court. The defendant

understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.   The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 1 year, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

4.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a.    the defendant deprived a victim of a right secured by the Constitution or laws of the United States, that is, the right to be free from the use of unreasonable and excessive force;

    b.    the defendant acted under color of law; and

    c.    the defendant acted willfully.

5.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a.    On August 31, 1990, the defendant became employed as a Police Officer with the City of Buffalo Police Department (BPD). On November 17, 2008, the defendant was promoted to the rank of Lieutenant and was working in that capacity from 8:00 p.m. on May 30, 2009, to 6:00 a.m. on May 31, 2009.

    b.    On May 31, 2009, at approximately 1:02 a.m., the defendant arrived at 52 Treehaven Road, Buffalo, New York, to respond to a vehicle that had been stopped by the Cheektowaga Police Department (CPD) and was believed to be involved in a BB gun shooting earlier in the night. The defendant was the first BPD officer to arrive at the scene. Other CPD officers were present at the scene when the defendant arrived, and had already removed the four occupants of the vehicle, identified as D.S., J.C., D.D., and J.W., all of whom are United States citizens and known to the parties. At the time the defendant arrived at the scene, all of the occupants were compliant and completely under the control of the CPD officers. BPD Officers Raymond Krug and Joseph Wendel arrived on scene shortly after the defendant arrived.

    c.    Upon arriving at the scene, the defendant, in an angry tone of voice and while using obscenities directed at the four occupants, used unlawful and unreasonable force on each of the four occupants. Specifically, with respect to D.D., the defendant placed his hands on the back of D.D. and pushed D.D.'s head and upper torso onto the vehicle. With respect to D.S., the defendant placed his hands around the neck of D.S. and also placed his hands on the back of D.S. and pushed D.S.'s head and upper torso onto the vehicle. With respect to J.C., the defendant placed his hands on the back of J.C. and pushed J.C.'s head and upper torso onto the vehicle and also struck J.C. in the head. With respect to J.W., the defendant placed his hands on the back of J.W. and pushed J.W.'s head and upper torso onto the vehicle.

    d.    Following the defendant's use of force on the four occupants, the defendant recovered a BB gun from the vehicle, and handed the BB gun to Officer Krug or Officer Wendel.

### III. SENTENCING GUIDELINES

6.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines § 2H1.1(a)(3)(A) applies to the offense of conviction and provides for a base offense level of 10 for each victim.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristic does apply to each victim:

   a. The six level increase pursuant to Guidelines §§ 2H1.1(b)(1) [defendant was a public official at the time of the offense and the offense was committed under color of law].

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for D.S. is 16.

10. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for J.C. is 16.

11. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for D.D. is 16.

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for J.W. is 16.

## COMBINED ADJUSTED OFFENSE LEVEL

13. The government and the defendant agree that pursuant to Guidelines §§ 2H1.1 (Application Note 1), 3D1.1, 3D1.2, 3D1.3, and 3D1.4, the offense of conviction for D.S., J.C., D.D., and J.W. do not group together, and that it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is 20.

## ACCEPTANCE OF RESPONSIBILITY

14. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 17.

## CRIMINAL HISTORY CATAGORY

15. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

16. It is the understanding of the government and the defendant that, with a total offense level of 17 and criminal history category of I, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of **12 months**, a fine of $50,000 to $50,000, and a period of supervised release of one year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

17. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

18. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

19. The defendant waives any defense based on the statute of limitations to the charge in the Superseding Information.

20. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to deprivation of rights under color of law which are not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

21. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

      e.      oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

22. At sentencing, the government will move to dismiss the open counts of the Indictment in this action as against the defendant.

23. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

24. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

25. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

26. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   COOPERATION

27. The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the deprivation of rights under color of law and conspiracy to commit the same. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such other proceedings as the government shall deem necessary, including, but not limited to pre-trial hearings, trials, sentencing hearings and forfeiture proceedings.

28. The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement. The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

29. In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to deprivation of rights under color of law and conspiracy to commit the same, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

30. Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

31. Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines at least 2 levels from the equivalent of total offense level 13 as provided for in Guidelines § 5K1.1, which, if granted by the Court, would result in a total offense level of 11 and a sentencing range of **8 to 12** months imprisonment. The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

32. This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

33. It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

34. In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right: (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

35. In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

36. If the "Cooperation" section of this agreement is declared breached by the Court:

    a. the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

    b. the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

    c. the defendant has no right to withdraw the plea of guilty;

    d. the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

    e. the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to deprivation of rights under color of law and conspiracy to commit the same. This waiver shall be effective for a period of six months following

the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

37. At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

38. The defendant's attorney is permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

39. This plea agreement represents the total agreement between the defendant, GREGORY KWIATKOWSKI, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

13

                                       JAMES P. KENNEDY, JR.
                                       Acting United States Attorney
                                       Western District of New York

BY: _____
       AARON J. MANGO
       Assistant U.S. Attorney

Dated: December __1__, 2016

I have read this agreement, which consists of 14 pages. I have had a full opportunity to discuss this agreement with my attorney, Justin Ginter, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____      _____
GREGORY KWIATKOWSKI                        JUSTIN GINTER, ESQ.
Defendant                                             Attorney for the Defendant

Dated: December __1__, 2016               Dated: December __1__, 2016